# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DAVID VOGT, | ) |
| | ) Civil Action No. 08 - 530 |
| Petitioner, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| SUPERINTENDENT COLEMAN, | ) ECF No. 40 |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 40) filed on July 9, 2012. The motion is based on the United States Supreme Court's recent decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), which held that ineffectiveness of post-conviction counsel may serve to excuse the procedural default of claims alleging trial counsel ineffectiveness. Petitioner argues that Martinez provides a proper ground for this Court to reopen his federal habeas proceeding. For the reasons explained herein, Petitioner's motion will be denied.

## I. BACKGROUND

On January 31, 1991, Petitioner was found guilty by jury of Murder in the First Degree, Robbery, Theft, Kidnapping and Criminal Conspiracy. Following the denial of post-verdict motions, he was sentenced to life imprisonment on June 17, 1991. Petitioner filed a timely notice of appeal to the Superior Court of Pennsylvania, which affirmed the judgment of the lower court on October 21, 1991. Petitioner filed a Petition for Allowance of Appeal to the Supreme

1

Court of Pennsylvania, which was denied by that court on June 25, 1993. He did not seek discretionary review in the United States Supreme Court.

Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Const. Stat. § 9542. Following appointment of counsel, an amended petition was filed asserting that Petitioner was entitled to relief due to newly discovered evidence. A PCRA hearing was scheduled for December 7, 1998; however, on that date, Petitioner voluntarily withdrew his PCRA petition. No appeal was filed.

Petitioner filed a second PCRA petition on July 2, 2004, and appointed counsel filed an amended petition on November 17, 2004. A hearing was held on Petitioner's PCRA petition on January 27, 2006, and on July 12, 2006, the trial court denied the PCRA petition as untimely. Petitioner filed a notice of appeal, and on October 24, 2007, the Superior Court of Pennsylvania affirmed the trial court's determination denying Petitioner PCRA relief. Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that court on April 8, 2008.

Petitioner filed his Petition for Habeas Corpus in this case on April 14, 2008, and on January 8, 2010, this Court dismissed the Petition as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d). Petitioner appealed and the Third Circuit Court of Appeals denied his request for a certificate of appealability on May 24, 2010. He filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) on September 24, 2010, asserting that he received new evidence of his actual innocence on August 27, 2010. This Court denied the motion because Petitioner had not first exhausted his newly discovered evidence claim in the Pennsylvania state courts. Petitioner's Motion for Reconsideration of that order was denied, and he filed an appeal to the Third Circuit, which

denied a certificate of appealability on February 7, 2011. Petitioner filed yet another Rule 60(b) motion on November 17, 2011, which was again denied.

Recently, Petitioner filed an application to the Third Circuit to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b). He argued that the holding of Martinez v. Ryan, 132 S. Ct. 1309 (2012), which allowed the ineffectiveness of counsel during collateral proceedings to serve as possible "cause" for surmounting a procedural default, is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). The Third Circuit denied his request on May 31, 2012.

Now pending before the Court is another Rule 60(b) motion whereby Petitioner requests that the Court reopen his federal habeas proceeding and consider his ineffective assistance of trial counsel claims due to the Supreme Court's recent holding in Martinez.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief form the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

### A. Second or Successive Petition

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id.

3

at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

Petitioner did not obtain an order from the Third Circuit before filing his pending motion. Therefore, this Court must first determine if his motion actually presents a claim and thus should be treated as a successive habeas petition. Upon review, it does not appear that Petitioner raises any claims in his motion. Although it is unclear, Petitioner appears to assert that, pursuant to Martinez, this Court can now consider his ineffective assistance of trial counsel claims presumably without regard to the AEDPA statute of limitations.

A Rule 60(b) motion challenging "only the District Court's previous ruling on the AEDPA statute of limitations . . . is not the equivalent of a successive habeas petition." Gonzalez, 545 U.S. at 535. Moreover, the Gonzalez Court recognized that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it does not constitute a successive habeas petition. Id. at 532. Therefore, despite the fact that it is unclear whether Petitioner is actually challenging this Court's previous ruling that his habeas petition was untimely filed, the Court will nevertheless address Petitioner's Rule 60(b) motion without requiring him to first obtain an order from the Third Circuit Court of Appeals.

B. **Extraordinary Circumstances**

The Court turns now to the issue raised in the instant motion. The Supreme Court has required a showing of "extraordinary circumstances" to justify the reopening or a final judgment and has recognized that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

To the extent Petitioner argues that the newly issued Martinez decision constitutes extraordinary circumstances sufficient to reopen a final judgment under Rule 60(b), the Court finds that it does not. Although the Third Circuit has yet to address this question, the Fifth Circuit has held in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012) that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Id. at 320 (internal quotations omitted). In that case, Beunka Adams, facing imminent execution, sought to have his execution stayed while he prosecuted a Rule 60(b)(6) motion based on Martinez, asserting his intention to "vindicate his constitutional right to effective counsel." The court explained that:

> In his Rule 60(b)(6) motion, Adams stated that the district court relied on Coleman to conclude that Adams's ineffective assistance of trial and appellate counsel claims were procedurally defaulted and that ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default. Adams asserted that, since the district court's judgment, the Supreme Court had decided Martinez, which created an exception to Coleman's holding that ineffective assistance of state habeas counsel cannot constitute cause to excuse procedural default. Adams argues that Martinez constitutes "extraordinary circumstances" entitling him to Rule 60(b)(6) relief.

679 F.3d at 316. The Fifth Circuit then went on to conclude:

> [I]n denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of Coleman. The Supreme Court's later decision in Martinez, which creates a narrow exception to Coleman's holding regarding cause to excuse procedural default, does not constitute an

5

> "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See* Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; Bailey, 894 F.2d at 160. The Martinez Court's crafting of a narrow, equitable exception to Coleman's holding is "hardly extraordinary." Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; *see also* Martinez, 132 S. Ct. at 1320 ("The rule of Coleman governs in all but the limited circumstances recognized here.").
>
> Because the Martinez decision is simply a change in decisional law and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," Adams's 60(b)(6) motion is without merit.

679 F.3d at 320. Thus, the Fifth Circuit vacated the district court's stay of execution. The Supreme Court, in turn, refused to stay Adams's execution. Adams v. Thaler, 132 S. Ct. 1995 (2012).

Other district courts have ruled in accordance with the reasoning of the Fifth Circuit in finding that Martinez does not present extraordinary circumstances to justify the reopening of habeas proceedings under Rule 60(b). *See* Arthur v. Thomas, No. 2:01-CV-0983-LSC, 2012 U.S. Dist. LEXIS 85563, at * 13-17 (N.D. Ala. June 20, 2012); Sims v. Houston, No. 4:07CV3088, 2012 U.S. Dist. LEXIS 80945, at *2 (D. Neb. June 12, 2012). *But see* Lopez v. Ryan, 678 F.3d 1131, 1135-36 (9th Cir. 2012) (finding that "the Supreme Court's development in Martinez constitutes a remarkable – if limited – development in the Court's equitable jurisprudence" and weighs slightly in favor of reopening the petitioner's habeas case) (internal quotations and citations omitted). This Court also finds that Martinez does not support a finding of extraordinary circumstances.

Moreover, even if Martinez could constitute "extraordinary circumstances" so as to warrant relief from a long-standing judgment, there is nothing in Martinez that amounts to a change in the law that is applicable to Petitioner's situation. The Court's consideration of Petitioner's habeas petition was limited to the threshold issue of timelines. Petitioner argues that

6

Martinez provides for a newly recognized exception that "falls outside of the AEDPA." (ECF No. 40 at 7.) He contends that his ineffective assistance of trial counsel claims which were defaulted due to the ineffective assistance of PCRA counsel "should never have been foreclosed" and that "[h]ad this exception been recognized prior to the filing of [his] initial habeas corpus petition, such issues could not have been dismissed under AEDPA standards." (ECF No. 40 at 7.) Accordingly, Petitioner appears to assert that such claims are not foreclosed by the AEDPA one-year statute of limitations on filing federal habeas corpus petitions. Petitioner, however, is mistaken.

Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at 1315. Martinez qualified the Supreme Court's holding in Coleman v. Thompson, 501 U.S. 722 (1991) and recognized a "narrow exception" to what was settled law that post-conviction counsel's ineffectiveness was irrelevant to establishing cause for procedural default. However, Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition. *See* Kingsberry v. Maryland, No. AW-12-1556, 2012 U.S. Dist. LEXIS 77746, at *2-3 (D. Md. June 4, 2012) ("Martinez did not address equitable tolling in the context of ineffective assistance of counsel"); Heard v. Hobbs, No. 5:12CV00091, 2012 U.S. Dist. LEXIS 68344, at *1-2 (E.D. Ark. May 16, 2012) (citing court's ruling in petitioner's related case finding that "the holding in Martinez in no way relates to timeliness of a federal habeas petition"); Heard v. Hobbs, No. 5:11CV000218, 2012 U.S. Dist. LEXIS 67541, at *1-2 (E.D. Ark. May 15, 2012) (same). As such, Martinez provides no relief to Petitioner.

Petitioner provides no cause to disturb the Court's dismissal of his Petition for Writ of Habeas Corpus as time-barred. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Dated: July 18, 2012.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Steven David Vogt
BN-3436
SCI Fayette
Box 9999
LaBelle, PA  15450-0999

Counsel of record.