# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DAVID VOGT, | ) |
| | ) Civil Action No. 08 - 530 |
| Petitioner, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| SUPERINTENDENT COLEMAN, | ) ECF No. 49 |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is before the Court on a Motion for Relief from Judgment filed by Petitioner, Steven David Vogt, pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (ECF No. 49). This is the fifth Rule 60(b) motion (ECF Nos. 31, 37, 40, 42) Vogt has filed since his Petition for Writ of Habeas Corpus was dismissed as untimely on January 8, 2010, (ECF No. 24). In this motion he argues that he is entitled to relief based on the recent United States Third Circuit case Dennis v. Secretary, Pennsylvania Department of Corrections, 834 F.3d 263 (3d Cir. 2016) (en banc). For the following reasons, his motion will be denied.

**I.    Relevant Facts and Procedural History[1]**

The facts, as set forth by the Superior Court, are as follows. On May 12, 1990, Francis Landry picked up Michael Sopo, Margaret Zawodniak and Steven Vogt in his blue Nissan and took them to his residence in Export, Pennsylvania where, except for Landry, they drank beer. A

---

[1] As set forth in the Court's Memorandum Opinion and Order dated January 8, 2010. (ECF No. 24.)

1

while later, Walter Cowfer came to Landry's residence. Cowfer, Sopo and Zawodniak then left and went to Arthur McClearn's apartment where they discussed Landry's murder. The parties returned to Landry's residence where they resumed drinking beer. At some point, Cowfer went to Landry's car where Landry was sleeping and asked to take the car to Cupec's Lake. He then ordered Landry to get in the back seat where he was surrounded by two of the others. They drove to the lake where they ordered Landry out of the car and pushed him over a hill where he fell a 30-40 foot drop into the lake. The others threw rocks into the water and rolled a huge boulder into the water hitting Landry. They then went back to the car, drank some more beer and left the area. The next day, Landry's drowned body was discovered by some area scuba divers. Several days later, State Trooper Strawbridge received a call from the Monroe County Sheriff's Department in Tavernier, Florida that Sopo, Vogt and Cowfer were in custody there and in possession of the registration plate of Landry's car and his wallet.

Subsequently, Vogt, Cowfer, Zawodniak, Sopo and McClearn were arrested and charged with Landry's murder. Sopo pled guilty to criminal conspiracy and McClearn pled guilty to third degree murder; both men testified on behalf of the Commonwealth during the trial of Vogt, Cowfer and Zawodniak, which commenced before a jury on January 29, 1991, in the Court of Common Pleas of Butler County, Pennsylvania. On January 31, 1991, Cowfer and Vogt were found guilty of Murder in the First Degree, Robbery, Theft, Kidnapping and Criminal Conspiracy; Zawodniak was acquitted of all charges. Following the denial of post-verdict motions, on June 17, 1991, Vogt was sentenced to life imprisonment.

## II.     Federal Habeas Corpus Proceedings

Vogt's Petition for Writ of Habeas Corpus was dated April 14, 2008 and docketed on April 16, 2008. In his Petition, he raised the following claims.

1. Prosecutorial misconduct in illegally suppression/withholding [sic] Brady material; the identity of male party to confession.

2. Prosecutorial misconduct in illegally redacting trial testimony of Com. witnesses Deiseroth and Mayhugh.

3. Prosecutorial misconduct in the knowing use of false evidence to convict Petitioner.

4. Prosecutions [sic] knowing use of false evidence when it elicited only some of the details of witness Sopo's plea agreement.

On January 8, 2010, this Court dismissed the Petition as untimely, finding that it was not filed within the AEDPA's one-year statutory limitations period, *see* 28 U.S.C. § 2244(d), for any of his claims. Vogt then appealed and the Third Circuit Court of Appeals denied his request for a certificate of appealability on May 24, 2010.

Vogt filed his first Rule 60(b) motion on September 24, 2010. In his motion, he argued that the Court's order of dismissal should be vacated because he had new evidence that proved his innocence; specifically, an affidavit from Margaret Zawodniak dated August 27, 2010, stating that Vogt severely injured his ankle from a drunken fall earlier that night and was too intoxicated to have played a part in Landry's death. She claimed that on the night Landry was killed Vogt was with her in the car or just right outside of it throwing up. Vogt also had an affidavit from Tricia Holfelder, his assistant, who stated that she had spoken to Michael Sopo, and, although he was too reluctant to provide a sworn statement, he represented to her that Vogt had nothing to do with Landry's death. Sopo also presumably relayed to Holfelder that his testimony was coerced. Finally, Vogt provided the Court with the March 1997 letter written by Cowfer, which stated that Vogt was innocent. Vogt's Rule 60(b) motion was denied because he had not first exhausted his newly discovered evidence claim in the state courts. His request for reconsideration of that order was also denied. He then filed an appeal to the Third Circuit, which

3

denied his request for a certificate of appealability on February 7, 2011, stating in its order that it was not settled law that actual innocence could serve as a basis for overcoming AEDPA's statute of limitations, and, to the extent that it could, Vogt's evidence did not establish such innocence.

Vogt filed his second Rule 60(b) motion on November 17, 2011, again asserting that he had evidence to establish his actual innocence – the aforementioned affidavits from Zawodniak and Holefelder and the letter from Cowfer. Vogt stated that in accordance with the Court's previous order he attempted to exhaust his innocence claim in state court by filing another PCRA petition but that the trial court denied the petition stating that Vogt had failed to prove that the new evidence would have changed the outcome of the trial. Vogt's Rule 60(b) motion was denied in accordance with the directive issued by the Third Circuit denying his previous request for a certificate of appealability with respect to his first Rule 60(b) motion. His motion for reconsideration was denied on December 6, 2011.

Subsequently, Vogt filed an application to the Third Circuit for permission to file a second or successive federal habeas petition based on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), which held that ineffectiveness of post-conviction counsel can serve to excuse a procedural default of claims alleging trial counsel ineffectiveness. His request was denied on May 31, 2012.

Vogt filed his third Rule 60(b) motion on July 9, 2012, also based on Martinez v. Ryan, 132 S. Ct. 1309 (2012), and this Court denied the motion on July 18, 2012.

One year later, Vogt filed his fourth Rule 60(b) motion, which was based on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), where the Supreme Court held that a "colorable" claim of actual innocence constitutes an equitable exception that can overcome the bar of AEDPA's one-year statute of limitations. This Court denied Vogt's motion finding that the evidence he

presented did not establish his innocence such that it was more likely than not that no reasonable juror would have voted to convict him.

In his current Rule 60(b) motion, Vogt seeks relief pursuant to Dennis v. Secretary Pennsylvania Department of Corrections, 834 F.3d 263 (2016). Vogt believes that the Third Circuit in Dennis "clearly set forth the principle that the Commonwealth may not rely on a lack of diligence as a defense to a Brady[2] violation claim . . . and that the Commonwealth may not benefit from their use of illegal tactics." (ECF No. 49, p.2.) He argues that in light of Dennis, this Court must reopen his federal habeas proceeding and review his claim that the prosecution withheld Brady material.

### III. Rule 60(b) Standard

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud or misconduct by an opposing party; (4) because the judgment is void; (5) because the judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new

---
[2] Brady v. Material, 373 U.S. 83 (1963)

5

ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

## IV. Discussion

As an initial matter, the Court must first determine whether Vogt's Rule 60(b) motion is, in actuality, a second or successive habeas petition. To do this, the Court must look at Vogt's arguments advanced in his motion and determine whether he is asserting a new ground for relief that challenges his underlying conviction or whether he is challenging the manner in which his previous habeas petition was procured.

What is interesting about Vogt's Rule 60(b) motion is that he appears to neither advance a new claim for relief nor challenge the Court's ruling that his Petition was untimely filed. Instead, he argues that the Court should reopen this case and review and grant him relief on his Brady claim because the Third Circuit clarified in Dennis that Brady does not impose a due diligence requirement on defense counsel, and this Court incorrectly relied on the Commonwealth's defense of "a supposed lack of diligence" when it dismissed the underlying federal habeas petition. Vogt is incorrect.

First, this Court did not make any such finding about defense counsel's "lack of diligence" in obtaining the alleged Brady material because the Court did not review the merits of Vogt's claims. Instead, the Court dismissed the Petition as untimely filed and that ruling had nothing to do with the Commonwealth relying on an "invalid defense" to his Brady claim.[3] Second, to the extent that Dennis is a change in decisional law, which it is not based on the manner that Vogt believes, it does not warrant Vogt relief under Rule 60(b) nor does it constitute an exception to the one year statute of limitations for filing a federal habeas corpus petition. Finally, Vogt cannot obtain relief in federal court simply because he thinks that there is "no avenue" in state court by which he can request reconsideration based on Dennis. In sum, Vogt provides no cause to disturb this Court's dismissal of his Petition as time-barred. A Certificate of Appealability will not be issued. A separate Order will issue.

Dated: May 25, 2017.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Steven David Vogt
BN-3436
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

Counsel for Respondent
(Via CM/ECF electronic mail)

---

[3] It is unclear, but it appears Vogt is referring to his second PCRA proceedings and the Pennsylvania Superior Court's finding that he did not exercise due diligence in discovering the factual predicate for his claims based on the affidavit he received from Cowfer dated September 23, 2004, which included the identity of the male person that he claims was withheld from him by the prosecution.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DAVID VOGT, ) | |
| ) | Civil Action No. 08 - 530 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| SUPERINTENDENT COLEMAN, ) | ECF No. 49 |
| ) | |
| Respondent. ) | |

## **ORDER**

**AND NOW**, this 25th day of May, 2017,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Steven David Vogt
    BN-3436
    SCI Fayette
    Box 9999
    LaBelle, PA  15450-0999

Counsel for Respondent
(Via CM/ECF electronic mail)