IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN DAVID VOGT, | ) | |
| | ) | Civil Action No. 08 - 530 |
| Petitioner, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SUPERINTENDENT COLEMAN, | ) | ECF No. 51 |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

This case is before the Court on Petitioner's Motion for Reconsideration of this Court's Order dated May 25, 2017 denying his Motion for Relief from Judgment that he filed pursuant to Federal Rule of Civil Procedure 60(b). In his Rule 60(b) Motion, Petitioner argued that this Court should vacate its Order dated January 8, 2010 dismissing as untimely his Petition for Writ of Habeas Corpus, reopen these proceedings and review his claims based on the recent United States Third Circuit case <u>Dennis v. Secretary, Pennsylvania Department of Corrections</u>, 834 F.3d 263 (3d Cir. 2016) (en banc). In denying his Rule 60(b) Motion, this Court found that <u>Dennis</u> did not provide Petitioner with any relief. Petitioner now asserts that this Court should reconsider its denial of his Rule 60(b) Motion because we did not understand the argument he was making in support of his request for relief. For the following reasons, his Motion for Reconsideration will be denied.

On January 8, 2010, this Court determined that Petitioner's Petition for Writ of Habeas Corpus was untimely filed because he had until April 23, 1997 to file his Petition, but did not do

1

so until April 14, 2008, almost 11 years after the statute of limitations had expired. However, with respect to one of Petitioner's claims involving newly discovered evidence, which he raised in his first PCRA petition on September 17, 1997, this Court found that the statute of limitations as to that claim expired on January 7, 2000.

In the Court's Order dismissing his Petition as untimely, this Court noted that Petitioner had filed a second PCRA petition in the state court on July 2, 2004, but that the Pennsylvania Superior Court determined that his petition was untimely filed. Notably, one of the claims raised in Petitioner's second PCRA petition (which is at issue now) was that the prosecutor in his underlying criminal case deliberately withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). In finding that this claim was untimely, the Superior Court found as follows:

> Appellant baldly asserts that the prosecutor deliberately withheld the name of the "unidentified" man, in violation of Brady v.Maryland, 373 U.S. 83, (1963) and led the jury to believe that appellant was the person that accompanied Cowfer and silently agreed to complicity in the crime. While it is well-settled that a Brady violation can fall within the governmental interference exception appellant has only sixty days after the discovery of the information to file his PCRA and he must plead and prove that the information could not have been discovered earlier with the exercise of due diligence.
>
> Here, appellant has failed to demonstrate that he could not have uncovered this information earlier through the exercise of due diligence. Appellant filed a previous PCRA petition in September of 1997, based on information Cowfer provided to him in a letter, which contradicted the Commonwealth's version of the crime. The trial court scheduled a December 7, 1998 evidentiary hearing on appellant's petition, and Cowfer was transferred to the trial court for the purpose of testifying on appellant's behalf. However, appellant voluntarily withdrew his petition prior to the evidentiary hearing. Although the information in the present affidavit is somewhat distinct from that provided in Cowfer's previous letter, appellant had the opportunity to question Cowfer at the hearing regarding all of the events surrounding the murder of Landry, but he declined to do so. Therefore, appellant has not proven that he could not have discovered this information earlier.
>
> For similar reasons, appellant has failed to carry his burden of proving that Cowfer's most recent affidavit constitutes "unknown facts" sufficient to toll the

> PCRA time of filing requirements. Appellant had the opportunity to question Cowfer under oath at the scheduled evidentiary hearing in 1998, be he declined to do so. Thus, he has not demonstrated that the identity of the person who accompanied Cowfer to the residence of Mayhugh and Deiseroth could not have been ascertained earlier by the exercise of due diligence.

Sup. Ct. Op. dated October 24, 2007, pp. 7-10 (citations and footnotes omitted) (doc. no. 14-8).

In Petitioner's Rule 60(b) Motion, he argued that the Court should reopen this case, review his Brady claim and grant him relief because the Third Circuit clarified in Dennis that Brady does not impose a due diligence requirement on defense counsel, and this Court incorrectly relied on the Commonwealth's defense of "a supposed lack of diligence" when it dismissed the underlying federal habeas petition. For several reasons, this Court found that Petitioner was not entitled to relief when it denied his Rule 60(b) Motion.

In his Motion for Reconsideration, it appears Petitioner argues that this Court can reopen this case and review his Brady claims because in finding that his Petition was untimely filed this Court gave deference to the Pennsylvania Superior Court's finding that he did not exercise due diligence in discovering the factual predicate for his Brady claims, and pursuant to Dennis, his lack of diligence cannot considered as a defense. Petitioner, however, appears to misunderstand the application of the statute of limitations.

Petitioner's Petition for Writ of Habeas Corpus was untimely filed, and as to his Brady claims, it was untimely filed by eight years. The Pennsylvania Superior Court's rationale for finding Petitioner's second PCRA petition untimely, which is really what Petitioner is challenging, is of no importance in considering the statute of limitations for filing habeas petitions. A federal court is bound by a state court's finding that a petitioner's PCRA petition was untimely, even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Merritt v.

Blaine, 326 F.3d 157, 165 (3d Cir. 2003).  That is exactly the case here.  The Pennsylvania Superior Court concluded that Petitioner's second PCRA petition was untimely filed and, no matter what effect Dennis may have on that decision, although it has none, this Court is "bound" by that finding.  As such, to the extent that he argues that this Court should toll the one-year statute of limitations period during the time his second PCRA proceedings were pending in state court, he is not entitled to any tolling, statutory or equitable.  Nothing in his Rule 60(b) Motion or his Motion for Reconsideration alters the Court's decision.

      **AND NOW**, this 8th day of June, 2017, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 51) is **DENIED**.

 

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Steven David Vogt
    BN-3436
    SCI Fayette
    Box 9999
    LaBelle, PA  15450-0999

    Counsel for Respondent
    (Via CM/ECF electronic mail)