IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN DAVID VOGT, | ) | |
| | ) | Civil Action No. 08 – 530 |
| Petitioner, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| SUPERINTENDENT COLEMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is a Motion for Relief from Judgment filed by Petitioner, Steven David Vogt, pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)").  (ECF Nos. 56, 57).  This is the sixth Rule 60(b) motion (ECF Nos. 31, 37, 40, 42, 49) Petitioner has filed since his Petition for Writ of Habeas Corpus was dismissed as untimely on January 8, 2010, (ECF No. 24).  In this motion Petitioner argues that he is entitled to relief based on <u>Bracey v. Superintendent Rockview SCI</u>, 986 F.3d 274 (3d Cir. 2021), which held, in part, that <u>Dennis v. Secretary, Pennsylvania Department of Corrections</u>, 834 F.3d 263 (3d Cir. 2016), was a material change in decisional law with respect to the reasonable expectations of a petitioner in Bracey's position, a position that appears to closely resemble that of Petitioner's position.  Accordingly, the following order is now entered.

AND NOW, this 27th day of April, 2021, Respondents are hereby ORDERED to file a response to Petitioner's Rule 60(b)(6) motion by May 27, 2021.  The response shall (1) address the applicability of <u>Bracey</u> and <u>Dennis</u> to Petitioner's situation, (2) analyze the factors discussed

in Cox v. Horn, 757 F.3d 113, 122-26 (3d Cir. 2014), which the Third Circuit stated a district court should consider when deciding whether a petitioner requesting Rule 60(b)(6) relief has shown "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur," id., at 115; (3) address the timeliness of Petitioner's first claim under 28 U.S.C. § 2244(d)(1)(D), using September 23, 2004 as the trigger date, including the applicability of any statutory or equitable tolling;[1] (4) address the merits of Petitioner's first claim;[2] and (5) furnish the Court with all relevant state court records, including trial and post-conviction hearing transcripts, all briefs filed by both Petitioner and the Commonwealth, and all written opinions of the state courts.[3]

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Steven David Vogt
BN-3436
SCI Fayette
50 Overlook Drive
LaBelle, PA  15450

Counsel for Respondent
(Via CM/ECF electronic mail)

---

[1] This is the date that Petitioner purportedly received the affidavit from Walter Cowfer, which identified co-conspirator Arthur McClearn as the person who accompanied Cowfer to the residence of Leonard Mayhugh and Carrie Deiseroth on the morning after the murder.

[2] In addressing Petitioner's Brady claim, and specifically the question of whether the material Petitioner claims was withheld actually constitutes Brady material, Respondents should address the relevance, if any, of Petitioner's knowledge as to who accompanied Cowfer into the residence of Mayhugh and Deiseroth given that Cowfer stated in his affidavit, and Petitioner does not dispute, that Petitioner, Sopo and Zawodniak waited for Cowfer and McClearn in a car outside of the residence.

[3] To the extent the entire record is unavailable, Respondents should attempt to obtain for the Court's review both the trial transcripts and the transcript from the PCRA hearing held on January 27, 2006, as well as the supplemental briefs that were filed post hearing on the timeliness issue. See ECF No. 14, pp.6-7. However, if the entire state court record is available then Respondents should provide it.